Daniel J. Kessler, Esq.  CSB #157163
Benjamin R. Seecof, Esq.  CSB #157000
KESSLER & SEECOF, LLP
2254 Moore Street, Suite 201
San Diego, CA  92110
Tel: 619-325-0795
Fax: 619-325-0796

Attorneys for Plaintiff Mytee Products, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYTEE PRODUCTS, INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>H. D. PRODUCTS, INC. d.b.a. HIGH DESERT PRODUCTS, a corporation; MC VIKING EQUIPMENT CO., INC. d.b.a. VIKING AIR MOVERS, a corporation; MARK S. WALKER, JR.; CHARLES PARDUS; and DOES 1 through 10,<br><br>          Defendants. | Case No.: 05 CV 2286 W(CAB)<br><br>**REPLY** IN SUPPORT OF MYTEE PRODUCTS, INC.'S MOTION TO AMEND THE RULE 16 CASE MANAGEMENT CONFERENCE ORDER TO ALLOW MYTEE TO AMEND ITS COMPLAINT AND FOR THE JOINDER OF JOHN LaBARBERA AS A PARTY<br><br>[Fed.R.Civ.P. 15, 16, 17, 19, 20, & 21]<br><br>Date: October 29, 2007<br>Time: 2:00 P.M.<br>Judge: Honorable Thomas J. Whelan<br>Courtroom: 7 |

I.   **INTRODUCTION.**

Mytee has diligently prosecuted this lawsuit, and, throughout this litigation, defendants never questioned or challenged Mytee's ownership of its name and mark. Instead, defendants claimed that Mytee gave them a license to use its name on their air mover products, including with the symbol ®. Only Judge Rhoades, in his ruling on Mytee's motion for partial summary judgment, brought up the question ownership of the Mytee mark based on the trademark registration. Once Judge Rhoades raised the issue, Mytee immediately took steps to address it by bringing this motion. Mytee has since caused to be recorded a nunc pro tunc assignment clarifying the identity of the

REPLY IN SUPPORT OF MYTEE PRODUCTS, INC'S MOTION TO AMEND
RULE 16 C.M.C. ORDER TO ALLOW MYTEE TO AMEND ITS COMPLAINT

registrant of the mark. (Declaration of Benjamin R. Seecof in Reply to Defendant's Opposition to Motion to Amend ("Seecof Dec"), ¶ 8.) Nonetheless, Mytee seeks to join John LaBarbera as a party plaintiff in this case as the original registrant of Mytee's trademark to avoid any question concerning its ownership. The requested addition of LaBarbara will not affect defendants' contention that he orally gave them permission to use Mytee's trademark; it will not change defendants' defenses; it will not change the damages calculation; and, despite defendants' unsupported claims otherwise, it will not result in a delay in the case. This is not a case of adding entirely new legal theories or new defendants late in the litigation, as in the cases cited by defendants. This is merely an effort to avoid multiple lawsuits consistent with the Federal Rules of Civil Procedure regarding allowing a real party in interest to join the lawsuit. (Fed.R.Civ.P. 17, 19, 20 and 21.)

Defendants also present no sensible reason for this Court to deny Mytee's request to dismiss its breach of contract claim.

## II. MYTEE HAS DILIGENTLY PROSECUTED THIS LAWSUIT BASED ON THE DEFENSES PRESENTED AND HAS ALWAYS CLAIMED OWNERSHIP OF THE MYTEE MARK.

Defendants admit that they placed the Mytee name, along with a federal registration symbol ®, on their air mover products. Thousands of those products were sold into the marketplace. Defendants essentially admit to infringing Mytee's mark. However, defendants have alleged from the outset of this case that Mytee, through its president John LaBarbera, orally gave them a one-year license to use the Mytee® mark. Defendants admit that they used the Mytee name even after this alleged license expired. Defendants never questioned Mytee's right to license its mark and never questioned Mytee's ownership of its mark, and Mytee has always claimed that it owns the mark. In fact, the individual defendants are former sales representatives of Mytee.

Mytee then brought its motion for partial summary judgment, arguing that defendants violated the trademark law and that they lacked evidence to support their affirmative defenses, including their oral license claim. In response, defendants presented their evidence concerning the claimed oral license. Defendants did not argue that Mytee did not own the mark that it allegedly

licensed to them. By defending this case on the ground that they had a license, defendants cannot disclaim the validity of that license. Westco Group, Inc. v. K.B. & Associates, Inc., 128 F.Supp.2d 1082, 1086 (N.D. Ohio 2001); Creative Gifts, Inc. v. UFO, 235 F.3d 540, 548 (10th Cir. 2000) ["The licensee is estopped from claiming any rights against the licensor which are inconsistent with the terms of the license. This is true even after the license expires. He is estopped from contesting the validity of the mark, ...or challenging the license agreement as void or against public policy, e.g., because it granted a naked license."].

However, in his ruling on Mytee's motion, Judge Rhoades noted that, although neither party had raised the point, there was a question regarding the proof of Mytee's ownership of the mark based on the February 13, 1996, trademark registration (no. 1,955,811) that was presented in Mytee's motion. (Order Granting In Part and Denying In Part Mytee's Motion for Partial Summary Judgment (hereinafter "Order"), filed June 22, 2007, at page 5, lines 23-27.) That registration predates Mytee Products, Inc.'s incorporation on December 17, 1998, and lists John LaBarbera, d.b.a. Mytee Products as the registrant of the mark. Judge Rhoades' ruling prompted the instant motion to add LaBarbera as a party. Mytee also subsequently caused to be recorded a nunc pro tunc assignment clarifying the identity of the registrant. (Reply Declaration of Benjamin R. Seecof in Support of Motion to Amend ("Seecof Reply Dec"), ¶ 9.) This motion seeks to avoid duplicative lawsuits and to clarify the pleadings. Mytee prefers to promptly address Judge Rhoades' concern rather than to ignore it.

Defendants argue that Mytee has not been diligent in bringing this motion. This is not true. Defendants always claimed that Mytee gave them a license, obviously based on Mytee's ownership of its mark. Mytee has aggressively pursued this matter based on the issues and contentions presented without incident. Any delay in this case can be attributed to only three events: first, defendants abruptly changed their counsel near the end of the discovery phase of the case; second, the making of, and decision on, Mytee's motion for partial summary took a number of months to resolve; and third, Judge Rhoades became ill and, sadly, passed away. When Judge Rhoades brought up the registrant/ownership question, Mytee immediately addressed it. Even if LaBabera is

1  not joined in this action, he is able to proceed with an independent lawsuit as the registrant of the
2  mark. 15 U.S.C. §1114.

3  Moreover, although each of Mytee's pleadings as amended unambiguously state that Mytee
4  owns its mark, defendants grouse that the pleadings also say Mytee "uses" its mark. Defendants
5  argue that Mytee's pleading was "carefully worded" to avoid the issue of ownership of the mark,
6  implying that Mytee was aware that Judge Rhoades would raise the issue of ownership. This is
7  unfair innuendo without support in the record. There is no legal merit to defendants' parsing
8  between the words "use" and "own" in this context, because the word "use" actually implies
9  ownership. "To win a trademark case, a plaintiff must show 1) that he *uses* and thereby "owns," a
10 mark, 2) that the defendant is using that or a similar mark, and 3) that the defendant is likely to
11 confuse the public, thereby harming the public." DeCosta v. Viacom International, Inc., 981 F.2d
12 602, 605 (1st Cir. 1992), italics added. "The requirements of both adoption and use devolve from
13 the common law; trademark rights in the United States are acquired by such adoption and use, not
14 by registration." Hydro Dynamics, Inc. v. George Putnam & Company, Inc., 811 F.2d 1470, 1473
15 (Fed. Cir. 1987). "It is axiomatic in trademark law that the standard test of ownership is priority of
16 use." Sengoku Works LTD. v. RMC International, LTD., 96 F.3d 1217, 1219 (9th Cir. 1996).
17 Moreover, a trademark infringement plaintiff does not have to prove that it is the trademark
18 registrant for a claim under 15 U.S.C. § 1125.

19 Had Mytee recognized any concern existed with regard to pleading ownership, this would
20 have undoubtedly resulted in earlier action by Mytee to address it. It is not fair to imply that Mytee
21 purposely delayed in bringing this motion when there was no advantage to Mytee to delay this
22 motion, and defendants have cited to no advantage. As noted by Judge Rhoades in his June 18,
23 2007, ruling on Mytee's motion for summary adjudication, "... it is undisputed that Viking
24 Equipment did not have authorization to use the Mytee trademark after April 30, 2005." Order,
25 filed June 22, 2007, at 5:6-7, see also 7:20-27. Defendants have infringed, and Mytee contends they
26 continue to infringe Mytee's mark; Mytee has every motivation to try this case to obtain an
27 injunction.

28

1   On the other hand, as mentioned above, as addressed by Mytee's moving papers, and as ignored in Defendants' opposition, there may be a question with regard to whether *defendants* had, prior to the summary adjudication ruling, recognized that the stated registrant in the registration could raise a triable issue. (Seecof Reply Dec. ¶¶ 2-7.) If so, defendants were obligated to address this in disclosures and discovery, which they did not, causing there to be no impetus for Mytee to make this motion prior to the May 26, 2006, joinder cut-off date. In this event, this motion should be granted to prevent surprise and injustice against Mytee by virtue of defendants' own delay and tactics.

Accordingly, Mytee brings this motion to assure a complete trial on the merits, and in accordance with Federal Rule of Civil Procedure 17(a) which provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed *after objection* for ratification of commencement of the action by, or joinder . . . of, the real party in interest." (Italics added.) Defendants never objected to or questioned Mytee's ownership rights in the mark. Their opposition to this motion now makes clear that they intend to make this an issue at trial. Mytee thus treats Judge Rhoades' statement as an objection and seeks only to join the original registrant of the trademark as a party plaintiff.

## III.  DEFENDANTS ARE WELL AWARE OF MYTEE'S TRADEMARKS BECAUSE THEY ACTIVELY INTERVENED IN MYTEE'S REGISTRATION PROCESS WITH THE TRADEMARK OFFICE.

Defendants' new counsel conjure-up the assertion that if this motion is granted it will delay the case because they will be required to conduct more discovery concerning Mytee's trademarks, and they suggest that Mytee hid from them the existence of Mytee's trademark registration number 3119791 and Mytee's other trademarks. (Defendant's P's & A's, at pp. 4 & 5.) This is simply false. As set forth in Mytee's moving papers (and unaddressed in defendants' opposition), each individual defendant and their prior counsel in this case were well aware of that trademark registration. (Seecof Reply Dec. ¶¶ 2-7.) On February 16, 2006, through their previous counsel Copenbarger & Ross, A.P.C., they actively intervened with the U.S.P.T.O. in Mytee's process of registering its trademark (registration number 3119791, application serial number 78617930).

(Seecof Reply Dec. ¶ 4-6, exhibits H & I.) Moreover, until unfairly competing with Mytee through their defendant companies, the individual defendants, Mark Walker and Charles Pardus, were Mytee sales representatives who marketed Mytee's trademarked products. (Seecof Reply Dec. ¶ 3.)

Defendants have not articulated any specific issue on which they are not fully informed such as to require additional discovery. Further, the analysis of trademark classifications is a matter for legal research and is not a proper subject of discovery.

Interestingly, assuming by their opposition to this motion that defendants intend to make an issue of ownership at trial, defendants have failed to disclose to Mytee in discovery any information or document concerning their actions with the U.S.P.T.O. Assuming Defendants' unsupported accusations in opposition to this motion can be explained by current counsel claiming to be unaware of previous counsel's conduct in the same litigation, current counsel are nonetheless charged with the knowledge of their clients and previous counsel. Mytee has never hidden any trademark from defendants; and this information is public record, easily obtained on-line, for free, on the U.S.P.T.O. website. (Seecof Reply Dec. ¶¶ 5-8.)

Defendants further misquote John LaBarbera's deposition testimony concerning Mytee's trademarks; his actual testimony is quite accurate, and he refers to both the Hild® and Speedster® marks owned by Mytee. (Seecof Reply Dec. ¶ 8.)

## IV.  MYTEE SHOULD BE ALLOWED TO DISMISS ITS SECOND CAUSE OF ACTION.

Defendants' argument for not allowing dismissal of Mytee's breach of contract cause of action is incomprehensible. Their characterization of the allegations is unreasonable. Defendants have failed to articulate any reason why it assists anyone to have this contract claim remain. Accordingly, defendants plainly object just to be difficult, as their merit-based defenses to Mytee's lawsuit are few.

## V.  CONCLUSION.

Based upon the foregoing, Mytee respectfully requests that the Case Management Conference Order be amended, John LaBarbera be joined, and Mytee be allowed to file its third amended complaint.

REPLY IN SUPPORT OF MYTEE PRODUCTS, INC'S MOTION TO AMEND
RULE 16 C.M.C. ORDER TO ALLOW MYTEE TO AMEND ITS COMPLAINT

| | | |
|---|---|---|
| 1 | DATED: October 18, 2007 | KESSLER & SEECOF, LLP |

                                                           s/Benjamin R. Seecof  
                                                        BENJAMIN R. SEECOF, ESQ.  
                                                        Attorneys for Plaintiff Mytee  
                                                        Products, Inc.  
                                                        legal@bigbadlawyer.com

2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

REPLY IN SUPPORT OF MYTEE PRODUCTS, INC'S MOTION TO AMEND  
RULE 16 C.M.C. ORDER TO ALLOW MYTEE TO AMEND ITS COMPLAINT

```
Daniel J. Kessler, Esq.  CSB #157163
Benjamin R. Seecof, Esq.  CSB #157000
KESSLER & SEECOF, LLP
2254 Moore Street, Suite 201
San Diego, CA  92110
Tel: 619-325-0795
Fax: 619-325-0796

Attorneys for Plaintiff Mytee Products, Inc.
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYTEE PRODUCTS, INC., a California corporation,<br><br>      Plaintiff,<br><br>   vs.<br><br>H. D. PRODUCTS, INC. d.b.a. HIGH DESERT PRODUCTS, a corporation; et al.,<br><br>      Defendants. | Case No.: 05 CV 2286 W(CAB)<br><br>CERTIFICATE OF SERVICE |

I hereby certify that on October 21, 2007, the following documents:

1.   **REPLY** IN SUPPORT OF MYTEE PRODUCTS, INC.'S MOTION TO AMEND THE RULE 16 CASE MANAGEMENT CONFERENCE ORDER TO ALLOW MYTEE TO AMEND ITS COMPLAINT AND FOR THE JOINDER OF JOHN LaBARBERA AS A PARTY

2.   REPLY DECLARATION OF BENJAMIN R. SEECOF IN SUPPORT OF MYTEE PRODUCTS, INC.'S MOTION TO AMEND THE RULE 16 CASE MANAGEMENT CONFERENCE ORDER TO ALLOW MYTEE TO AMEND ITS COMPLAINT AND THE JOINDER OF JOHN LaBARBERA AS A PARTY

were served by electronic mail through the Court's Electronic Filing System on the following counsel of record at the following electronic mail addresses:

James A. McQueen, Esq.
McQueen & Ashman, LLP
jmcqueen@mcqueenashman.com, mbreyneveld@mcqueenashman.com

1 | Sharon Lask Bileisi
McQueen & Ashman, LLP
2 | sbilbeisi@mcqueenashman.com, sb@bilbeisilaw.com

3 | Executed this 21st day of October, 2007.

4 | S/Daniel J. Kessler
DANIEL J. KESSLER, ESQ.
5 | legal@bigbadlawyer.com