UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYTEE PRODUCTS, INC., a California corporation,<br><br>         Plaintiff,<br><br>   vs.<br><br>H.D. PRODUCTS, INC., d.b.a. HIGH DESERT PRODUCTS, a corporation, et.al.,<br><br>         Defendant. | CASE NO. 05-CV-2286 W (CAB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE RULE 16 CASE MANAGEMENT CONFERENCE ORDER TO ALLOW PLAINTIFF TO AMEND ITS COMPLAINT TO DROP THE THIRD CAUSE OF ACTION AND FOR THE JOINDER OF JOHN LaBARBERA AS A PARTY**<br>[Doc. No. 56.] |

On November 18, 2005 Plaintiff Mytee Products, Inc. ("Plaintiff") filed suit in San Diego Superior Court against H.D. Products, Inc. and M.C. Viking Equipment, Co., Inc. (collectively, "Defendant") alleging Lanham Act, breach of contract and unfair business practice violations. On December 14, 2005 Defendant properly removed the action to federal court. (Doc. No. 1.) On March 28, 2006 Magistrate Judge Bencivengo established May 26, 2006 as the motion cut-off date to add additional parties or amend the pleadings. (Doc. No. 14.) Pending before the Court is Plaintiff's motion to modify the Case Management Conference Order for the purposes of amending the Complaint by adding John LaBarbera ("LaBarbera") as a party plaintiff and dropping the third cause

of action for breach of contract.  (Doc. No. 56.)  For the following reasons, the Court **GRANTS** Plaintiff's Motion.

I.  BACKGROUND

Plaintiff Mytee is a company that manufactures various industrial cleaning machines. (*Pl.'s Mot.* 3.)  LaBarbera is Mytee's president and majority shareholder, and in 1996 originally registered the "Mytee" trademark at issue in this case.[1] (*Summ. J. Order* 5.)  While in 1996 LarBarbera operated under a fictitious business name, in 1998 he formally incorporated as Mytee Products, Inc. (*Pl.'s Mot.* 6.)   Defendant is a purchaser of Plaintiff's products, as well as other equipment.  The crux of the parties' dispute concerns Defendant's use of the "Mytee" trademark, and whether and when such use was authorized.  For the purposes of this motion, the relevant information is listed below.

On November 18, 2005 Plaintiff sued Defendant in state court for trademark infringement that allegedly took place in 2004 and 2005.  On December 14, 2005 Defendant properly removed to the Southern District of California.  The case was originally assigned to Judge John S. Rhoades, Sr.  On March 28, 2006, following a Case Management Conference ("CMC"), Magistrate Judge Cathy A. Bencivengo issued the first CMC Order ("scheduling order"). (Doc. No. 14.)  The order stated that May 26, 2006 was the cut-off date for joining other parties or amending the pleadings.

On June 6, 2006, despite the cut-off, the parties stipulated to Plaintiff's filing a second amended complaint.  (Doc. No. 19.)  On September 21, 2006 the parties extended most discovery and motion cut-off dates, with the exception of motions to amend the pleadings or add new parties. (Doc. No. 23.)  The motion cut-off for these remained May 26, 2006.

---

[1]The mark was originally registered on February 13, 1996 by John LaBarbera 'DBA Mytee Products.'  On July 30, 2007 it appears that LaBarbera took steps to assign the trademark to Mytee Products, Inc., *nunc pro tunc* April 27, 2005.

1   On December 22, 2006 Plaintiff moved for partial summary judgment, with a
2 hearing date set for March 12, 2007. (Doc. No. 26.) On February 6, 2007 the parties
3 stipulated to and the Court ordered further modification of the scheduling order,
4 pushing pre-trial disclosures and conferences back again. On February 28, 2007 the
5 Court reset the partial summary judgment hearing to April 23, 2007. (Doc. No. 40.)
6 On April 17, 2007 the Court again reset the summary judgment hearing to April 30,
7 2007. On June 22, 2007, after ordering additional briefing, Judge Rhoades issued an
8 order granting in part and denying in part Plaintiff's summary judgment motion. (Doc.
9 No. 54.) Further delays in pre-trial conferencing followed. (Doc. Nos. 55; 56.)

10   Judge Rhoades's June 22, 2007 summary judgment order raised a technical issue
11 of trademark ownership for the first time. (*Summ. J. Order* 5.) Although the suit was
12 brought by the corporation, Mytee Products, Inc., the 1996 registrant of the Mytee
13 trademark was John LaBarbera, 'DBA Mytee Products.' (*Id.*) On August 22, 2007
14 Plaintiff's counsel clarified ownership by recording an assignment of the Mytee mark
15 from LaBarbera to Mytee, *nunc pro tunc* April 27, 2005. (*Seecof Reply Decl.* ¶9.)

16   On July 24, 2007 Plaintiff moved to amend the scheduling order to allow Plaintiff
17 to amend its Complaint by joining LaBarbera as an additional Plaintiff and dropping the
18 third cause of action for breach of contract. (Doc. No. 56.) The hearing date was set
19 for October 29, 2007. On September 11, 2007, following the passing of Judge Rhoades,
20 the case and pending motion were reassigned to Judge Thomas J. Whelan. On October
21 15, 2007 Defendant opposed, and on October 21, 2007 Plaintiff replied.

22

23 **II.   GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER**

24   After the motion cut-off date, allowing Plaintiff to amend their complaint is a two
25 step process: (1) good cause must exist to modify the scheduling order, and (2) the
26 standards for amending the complaint must be met.

27   Under Rule 16(b)(1), the purpose of a scheduling order limiting the period for
28 amending the pleadings is to assure that at some point both the parties and the

pleadings become fixed.  FED. R. CIV. P 16(b) 1983 Advisory Committee Notes.  Once issued, a scheduling order cannot be modified except upon a showing of good cause.  FED. R. CIV. P 16(b).

The "good cause" standard primarily considers the diligence of the party seeking the amendment.  <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 609 (9th Cir. 1992).  The focus of the inquiry is upon the moving party's reasons for seeking modification.  <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 609 (9th Cir. 1992).  For instance, good cause can be found where the non-moving party is already on notice of the moving party's reasons for modifying the scheduling order.  <u>Sousa v. Unilab Corp. Class II (Non-Exempt) Members Group Benefit Plan</u>, 252 F. Supp. 2d 1046, 1059 (E.D. Cal. 2002) (finding good cause and modifying scheduling order to include Defendant's statute of limitations defense where Plaintiff had been aware of defense's existence).  Moreover, changes in the court's calendar sometimes will oblige the judge to modify the scheduling order.  FED. R. CIV. P 16(b) 1983 Advisory Committee Notes.

Nearing the end of this protracted litigation, the parties and their theories have long been crystalized.  Adding LaBarbera and, especially, dropping the contract claim will not work to unravel the progress and refinement made during the extended discovery period.

Furthermore, Plaintiff shows good cause to modify the scheduling order because it diligently moved to amend the complaint a month after Judge Rhoades's summary judgment order.  Up to that point, neither side had focused on the issue of trademark ownership.  It was assumed, by both parties, that the technicalities of trademark registration would not play a part in the dispute.  Once Judge Rhoades raised the issue, however, Plaintiff moved 32 days later to add Mytee's president LaBarbera and ensure that the dispute could be resolved on the merits, and not on a technical standing defense. (*Pl.'s Mot.* 6.)  This Court would be loathe to see two years of litigation wasted due to a procedural issue raised *sua sponte* in a summary judgment order.

Prior to Judge Rhoades's order, both parties had access to the same public

1  registration information and had ample time to build either a claim or defense on it.
2  (*Seecof Decl.* ¶¶8, 9; *Seecof Reply Decl.* ¶¶4 - 8.)  Both parties had access to the
3  September 27, 2006 LaBarbera deposition in which he discussed the nature, use and
4  creation of the "Mytee" mark. (*Id.* ¶5.) Both parties knew that LaBarbera was Mytee's
5  president, his role in the transaction between Plaintiff and Defendant, that the mark
6  was registered in 1996, and that Mytee incorporated in 1998.  Like <u>Sousa</u>, parity of
7  information existed.  (*Seecof Decl.* ¶5; Ex. C, D.)  Regrettably, however, neither party
8  recognized the potential standing issue until Judge Rhoades issued his summary
9  judgment order.  Once raised, however, Plaintiff diligently moved to amend his
10 complaint and took further steps with the USPTO[2] to clarify the trademark registration.
11 (*Seecof Reply Decl.* ¶9.)

12       Defendant repeatedly overgeneralizes <u>Johnson v. Mammoth Recreations</u>, 975
13 F.2d 604 (9th Cir. 1992) in arguing why joinder is improper. In <u>Johnson</u>, plaintiff skiers
14 sued defendant holding company for negligent operation of a ski resort. <u>Id.</u> at 606.
15 Well before the joinder motion cut-off date, defendant regularly informed plaintiffs that
16 another company actually owned the resort. <u>Id.</u> Only when defendant moved for
17 summary judgment, after the cut-off, did plaintiff move to amend the complaint. <u>Id.</u>
18 The court denied the request. <u>Id.</u> at 607. Because defendants constantly reminded
19 plaintiffs of the ownership issue before the motion cut-off, good cause did not exist to
20 modify the scheduling order. <u>Id.</u> at 609-10.

21       Unlike <u>Johnson</u>, however, this is not a case where one party has been ignoring an
22 obvious issue, critical to determining liability.  Simply, Defendant has never raised
23 ownership as a defense.  Thus, Defendant cannot argue that Plaintiff delayed when
24 Defendant has litigated the entire case, for two years, on the same assumptions.  Thus,
25 good cause appearing, the Court **GRANTS** Plaintiff's motion to modify the scheduling

26
27
28

---

[2]United States Patent and Trademark Office

order.³

## III. JUSTICE REQUIRES THAT PLAINTIFF BE GIVEN LEAVE TO AMEND THE COMPLAINT

If a party shows good cause to modify the scheduling order, a party must then also meet the requirements necessary to amend their complaint.

Once a responsive pleading is filed, a party may amend its complaint only by leave of court or by written consent of the adverse part. FED. R. CIV. P. 15. The grant or denial of leave is committed to the discretion of the district court, and should be "freely given when justice so requires." Id.; Foman v. Davis, 371 U.S. 178, 182 (1962). A motion to amend a complaint to add a party also may implicate the joinder rules, Federal Rules of Civil Procedure 20 and 21. Liberty Mut. Ins. Co. v. Hurricane Logistics Co., 216 F.R.D. 14, 16 fn. 5 (D.D.C. 2003). However, because in practical terms there is little difference between Rules 15, 20 and 21 in that they all leave the decision whether to permit or deny amendment to the district court's discretion, courts need not separately analyze each rule. Oneida Indian Nation v. County of Oneida, 199 F.R.D. 61, 72 (N.D.N.Y. 2000).

The Supreme Court has offered the following factors a district court should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason– such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require be "freely

---

³Defendant makes much of the time between the motion cut-off date and Plaintiff's motion to amend. (*Def.'s Opp'n.* 8-11.) In this case, however, changes in the court's calendar explain much of the "delay" Defendant complains of. First, discovery and summary judgment dates were extended by stipulation and due to Judge Rhoades's illness and unfortunate passing. Second, Judge Whelan's chambers needed time to get up to speed on the contours of the case. As such, the Court feels that these circumstances mitigate, at least in part, the delay between the cut-off date and Plaintiff's motion.

given."
Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003), citing Foman, 371 U.S. at 182. Not all of the factors merit equal weight; the touchstone of the inquiry is prejudice. Eminence Capital, 316 F.3d at 1052.

As discussed above, Plaintiff diligently moved to amend once Judge Rhoades's order recognized that trademark registration may be an issue. Plaintiff's stated reason for the amendment, to ensure the action is resolved on the merits, is not a bad faith play to change tactics or claims late in litigation. Indeed, joining both possible real parties in interest helps ensure that the years spent litigating the case culminate with a judgment on the merits, without the need for a second suit. See FED. R. CIV. P. 17, 20.

Defendant's opposition does not convince the Court that they would be unduly prejudiced by Plaintiff's amendment. Although Defendant argues that they have defended Plaintiff's claims on the assumption that Mytee owned the mark, nothing indicates that LaBarbera's ownership materially changes their defense theories. Likewise, Defendant offers nothing beyond conclusory statements like "discovery [would] likely need to be reopened" to suggest that adding LaBarbera would delay trial. Nor does joining LaBarbera subject Defendant to increased liability. (*Pl.'s Mot.* 2.)

Additionally, where a plaintiff seeks to dismiss only one claim, as opposed to his entire complaint, a court may treat his motion as one to amend his complaint under Rule 15. Schilling v. Northwestern Mut. Life Ins. Co., 423 F. Supp. 2d 513 (D. Md. 2006). Because dismissing the breach of contract claim narrows the issues to be decided at trial, the Court will allow Plaintiff to amend their complaint and drop the third cause of action. Defendant's argument that Plaintiff's party amendment is somehow inconsistent with the breach of contract claim is nonsensical, given the Mytee-LaBarbera relationship and Labarbera's recent trademark assignment. Regardless, it is unclear why Defendant would object to Plaintiff dropping a claim against it. For the above reasons, the Court **GRANTS** Plaintiff's motion to amend the complaint to add

John LaBarbera as a party and **DISMISSES WITHOUT PREJUDICE** Plaintiff's breach of contract claim.

### IV.   CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's motion.  (Doc. No. 56.) Specifically:

1. The Rule 16 Case Management Conference Order is **HEREBY MODIFIED** to extend the date to file amendments to the pleadings or to join other parties to <u>**November 27, 2007**</u> by 4:00 p.m.  All other dates shall remain in effect.
2. Plaintiff and LaBarbera shall file and serve their third amended Complaint by 4:00 p.m. <u>**November 27, 2007**</u>.
3. Plaintiff's third amended Complaint shall be identical in all material respects to the draft submitted as **Exhibit A** to the **Declaration of Benjamin R. Seecof** in Support of Mytee Products, Inc.'s Motion to Amend the Rule 16 Case Management Conference Order to Allow Mytee to Amend its Complaint and the Joinder of John LaBarbera as a Party.
4. Plaintiff's third claim for breach of contract is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED:  November 16, 2007

_____
Hon. Thomas J. Whelan
United States District Judge